GEORGE BARKLEY, Respondent, v. THE RENSSELAER AND
SARATOGA RAILROAD COMPANY, Appellant.

Where an agent duly authorized to make purchases of and to accept wood
purchased for his principal, entered into a parol contract, void under
the statute of frauds, for the purchase of a quantity of wood; and where
after an acceptance of a portion of the wood contracted for the agency
was terminated, but the vendor, without notice and in ignorance of such
termination, delivered the residue of the wood, which was accepted and
received by the former agent; *held*, that the principal was liable for all
the wood delivered at the contract-price.

Also, *held*, that the fact that the vendor accepted part payment from
another, and as a voucher receipted an account wherein the wood was
charged to the payer, did not discharge the vendee from liability to
pay the balance.

(Argued October 8, 1877; decided November 13, 1877.)

APPEAL from judgment of the General Term of the
Supreme Court, in the third judicial department, affirming
a judgment in favor of plaintiff, entered on the report of a
referee.

This action was brought to recover a balance alleged to be
due on the sale of a quantity of wood.

In 1870, one Rising, plaintiff's assignor, and one Wilson,
who was the wood measurer of defendant authorized to
purchase, measure and accept wood for it, entered into a
parol agreement by which Rising agreed to sell and deliver
to defendant 2,000 cords of wood at $4.50 per cord, to be
delivered at Rupert. During the year 1871 a portion of
the wood was delivered, accepted by Wilson, and paid for by
defendant. In May, 1871, defendant leased its road to the
Delaware and Hudson Canal Co., which company thereafter
operated it, and Wilson thereupon became, and thereafter
acted as the wood measurer of said lessee; and defendant's
superintendent and employees continued to occupy their
respective positions. Rising, without notice or knowledge
of this change, continued to deliver, and did deliver, during
1871, 1,232 cords of wood, which were measured and accepted
by Wilson. Rising, after the wood was delivered and accepted,

received from the Delaware & Hudson Canal Company $4 per cord for the wood so delivered. An account of the wood, with a receipt at the foot in full of the account, was presented to Rising by the station agent at the time of the payment, and he was required to sign the receipt as a voucher. The bill was headed "The Delaware & Hudson Canal Company, Rensselaer & Saratoga Railroad Department, to Seth Rising, Dr."

The referee directed a verdict for the balance unpaid,—*i. e.* fifty cents per cord, wih interest.

*Jno. B. Gale,* for appellant. The contract being verbal, and not to be performed within a year, was void, and part performance could not validate it. (3 R. S. [5th ed.] 221, § 2, subd. 1 ; *Lockwood* v. *Barnes,* 3 Hill, 128 ; *Wilson* v. *Martin,* 1 Den., 602 ; *Spencer* v. *Halsted,* id., 602 ; *Broadwell* v. *Getman,* 2 id., 87; *Weir* v. *Hill,* 2 Lans., 278; *Bartlett* v. *Wheeler,* 44 Barb., 162; *Oddy* v. *James,* 48 N. Y., 685.)

*Irving Browne,* for respondent. Delivery of the wood at Rupert was of the essence of the contract. (*Marsh* v. *Gilbert,* 4 T. & C., 261.)

*Per Curiam.* It is conceded that Wilson was authorized by the defendant to make the contract with Rising for the purchase of the 200 cords of wood. By the contract, which was verbal, Rising was to deliver the wood at the defendant's yard at Rupert, subject to inspection and measurement by the defendant; and a portion of the wood was to be delivered more than a year after the contract was made. The contract for this reason was void by the statute of frauds. But Rising delivered the wood at the place fixed by the contract, and if the defendant accepted it, it was bound to pay for it at the contract-price. The vendor delivered a portion of the wood prior to May, 1871, which was inspected and measured by Wilson, the wood-buyer and measurer of the defendant, and paid for by the defendant. The balance of the wood, about 1,232 cords, was delivered subsequently

and prior to January, 1872, after the defendant had leased its road to the Delaware & Hudson Canal Company. It was inspected, measured, and accepted by Wilson.

The referee finds that the plaintiff had no notice of the lease, or that the agency of Wilson for the defendant had terminated, until after all the wood was delivered.

There was no change of employees on the road, and it was managed and operated after the lease apparently as it had been before. Under these circumstances, the acceptance of Wilson bound the defendant. Rising had a right to assume that his agency for the defendant continued until he had notice to the contrary, and that in accepting the wood, Wilson was acting for the defendant. Wilson, before the lease, had authority to receive wood on the contract, notwithstanding it was void; and, as to Rising, the authority continued until he had notice of Wilson's change of relation to the defendant.

Upon the findings and evidence, the averment that the wood was delivered to the defendant is established, and the right of the plaintiff to recover the contract-price became perfect as soon as it was measured and accepted by Wilson.

The fact that Rising subsequently accepted part payment for the 1,232 cords from the Delaware & Hudson Canal Company, did not discharge the defendant from its liability to pay the balance of the purchase-price. There was no agreement by Rising to accept the Delaware & Hudson Canal company as his debtor in place of the defendant.

The form of the receipt given for the money received from that company did not conclude the plaintiff from claiming that the wood was sold to, and accepted by the defendant. It was taken as a voucher for the money paid, and for no other purpose. It certainly was not conclusive evidence that the wood mentioned in the receipts was sold to the Delaware & Hudson Canal Company.

The judgment should be affirmed.

All concur, except FOLGER and MILLER, JJ., absent.

Judgment affirmed.