CHARLES H. SEAMANS, Respondent, *v.* JACOB BARENTSEN, Appellant.

*Statute of Frauds — a defense thereof appearing on the face of the complaint must be raised by demurrer — an oral contract made in March to extend one year from the succeeding April first is within the statute.*

The objection that a contract sued upon is void because it is not evidenced by a written agreement must, when it appears upon the face of the complaint, be raised by demurrer and cannot be raised by answer.

A contract made in March, which is not to take effect until April first following, and is to continue from that date for one year, is within the Statute of Frauds.

APPEAL by the defendant, Jacob Barentsen, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Genesee on the 11th day of March, 1902, upon the verdict of a jury, and also from an order entered in said clerk's office on the 15th day of March, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. A. Young,* for the appellant.

*Safford E. North,* for the respondent.

HISCOCK, J.:

The only question presented upon this appeal which it is necessary to consider is whether, when it appears upon the face of a com-

plaint that the contract sued upon is void within the Statute of Frauds because resting in parol and not evidenced by a written agreement, the objection thereto should be raised by demurrer rather than by answer. The learned trial justice ruled that it should be so done, and in this ruling we think he was correct, and that, therefore, the judgment and order appealed from should be affirmed.

This action was brought to recover damages claimed to have been sustained under a contract entered into by plaintiff's wife and assignor with the defendant for the supply to the latter of milk at a certain price. A short time after delivery of the milk under said contract was commenced the defendant refused to take any more. There was some controversy upon the trial as to the exact terms of the contract, and such question with the issues dependent thereupon was submitted to the jury in a manner which did not call for any criticism from the defendant. It fully appeared from the complaint that the contract, whatever its exact terms might have been, was oral and not written; that it was made in March and was not to take effect until April first following and was to continue from that date for one year. It, therefore, clearly appeared that it came within the prohibition of the Statute of Frauds. (Laws of 1897, chap. 417, § 21, subd. 1.) The defendant attempted to raise this question by his answer, and the trial justice, as above stated, held that he could not do so, but should have presented his defense by demurrer.

We regard it as settled now by more recent cases which have affirmed and adopted the rule suggested in the case of *Crane* v. *Powell* (*infra*) that the defect in a contract sued upon that it rests in parol simply instead of being evidenced by a written agreement must be raised either by demurrer or answer or else it is waived, and that where this fault fully appears upon the face of the complaint the objection must be raised by demurrer and not by answer. (*Matthews* v. *Matthews*, 154 N. Y. 288; *Crane* v. *Powell*, 139 id. 379; *Honsinger* v. *Mulford*, 90 Hun, 589; *C. R. Parmele Co.* v. *Haas*, 171 N. Y. 579, 583.)

As already stated, the complaint disclosed fully the facts constituting a defense under the statute in this case. It was not possible in the answer to set up any new material matter upon that subject. The most that the pleader could do was, as he in substance did,

recapitulate and repeat the facts which had already been alleged in the complaint, and then aver that "said pretended agreement is void by the provisions of the statute commonly known as the Statute of Frauds." This latter allegation was of course merely of a conclusion of law. The issue presented upon the allegations of the complaint in this respect was one of law and properly to be raised by demurrer and not by answer.

The judgment and order should be affirmed, with costs.

ADAMS, P. J., McLENNAN, SPRING and WILLIAMS, JJ., concurred.

Judgment and order affirmed, with costs.