WILLIAMSBURG CITY FIRE INSURANCE COMPANY, Respondent, *v.* DORA LICHTENSTEIN, Individually and as Administratrix, etc., of JOSEPH LICHTENSTEIN, Deceased, and Others, Appellants, Impleaded with LILLIAN GREEN, Formerly LILLIAN LICHTENSTEIN, and Others, Defendants.

First Department, February 15, 1918.

**Statute of Frauds — parol agreement extending time of payment of mortgage not to be performed within one year — part performance — payment of consideration — when Statute of Frauds need not be pleaded as a defense — evidence — cumulative evidence.**

A parol agreement to extend the time of payment of a mortgage not to be performed within a year is invalid under the Statute of Frauds.

Where the invalidity of a contract under the Statute of Frauds is apparent upon the face of the pleading or is such as pleaded that the proof may

show it to be obnoxious to the statute, the objection to be availed of must be taken by answer, reply or demurrer.

But where an agreement as pleaded in an answer does not contravene the Statute of Frauds, but the proof which does not follow the pleading discloses that said agreement is obnoxious to the statute, the void agreement will not be enforced, notwithstanding the failure to plead the statute.

Where in a suit to foreclose a mortgage the sole defense relied upon is an alleged parol extension agreement, and the only one of the defendants who had personal knowledge thereof testified fully and repeatedly that he had nothing to add to or alter in his evidence, and it is not suggested that the defendants had any witnesses to prove a different agreement, it was not error for the court to direct judgment for the plaintiff without permitting other witnesses to be called by the defendant to prove the same agreement, as such evidence would have been merely cumulative.

Where a mortgagor agrees by parol to extend the time of payment of the mortgage upon receipt of eight semi-annual installments of $500 each; the payment of said installments does not constitute a part performance so as to render the contract valid under the Statute of Frauds.

The exception made by section 31 of the Personal Property Law, where the contract is for the purchase of personal property exceeding fifty dollars in value, does not apply to the above agreement.

Payment even to the whole amount of the purchase money is not deemed such a part performance as to justify a court of equity in enforcing a contract void under the Statute of Frauds.

APPEAL by the defendants, Dora Lichtenstein, individually and as administratrix, and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of October, 1917, directing the foreclosure of a mortgage and a sale of the mortgaged premises upon the decision of the court after a trial at the New York Special Term.

*Max Schleimer,* for the appellants.

*H. Randolph Anderson* of counsel [*Augustus S. Hutchins* with him on the brief; *A. S. & W. Hutchins,* attorneys], for the respondent.

SCOTT, J.:

This is an appeal from a judgment of foreclosure and sale. The sole defense relied upon by the appellants, the present owners of the mortgaged property, is that the debt secured is not yet due because, as is alleged, the time for payment has been extended by agreement, and the principal

question involved is whether or not this defense has been established. The mortgage was given in 1909 by Joseph Lichtenstein and his wife to secure the payment of the sum of $45,000 to become due and payable on February 16, 1914.

Joseph Lichtenstein died on March 2, 1912, intestate, and leaving him surviving his widow and seven children, all of whom are appellants here. The defense to which allusion has been made is based upon a conversation, on or about February 6, 1914, between one of the officers of plaintiff and the defendant Isidore Lichtenstein, one of the heirs at law of the deceased mortgagor, and who appears to have acted in behalf of himself, his coheirs and his mother. None of these were personally liable for the debt.

The agreement between the plaintiff and Isidore Lichtenstein was pleaded in the original answer as follows: " Thereafter such negotiations were had between the plaintiff, its officers and agents and the said defendant Isidore Lichtenstein that resulted into the making of an agreement between the plaintiff and the said Isidore Lichtenstein, acting on his own behalf and on behalf of the said defendants, Dora Lichtenstein, Perry M. Lichtenstein, Edna Blumberg and Lillian Green, whereby it was agreed between them that in consideration of the said defendants assuming the payment of the said sum of $4,000 to be paid to the plaintiff in· installments of $500 semi-annually at the time of the payment of the interest on the said mortgage, the plaintiff would upon such payment extend the time of payment of the balance on said mortgage the sum of $41,000 to February 16, 1921." To this defense, which was also pleaded as a counterclaim for the specific performance of the agreement to extend the time of payment, the plaintiff pleaded the Statute of Frauds in that the agreement alleged was not in writing and was not to be performed within a year. To this reply the defendants demurred, and upon the hearing of the demurrer it was overruled (98 Misc. Rep. 342), and the order overruling it was affirmed here (176 App. Div. 910).

The appellants thereupon amended by alleging that the agreement of February 6, 1914, was an executed and completed agreement whereby plaintiff agreed that it would then presently reduce the principal of the mortgage debt and

extend the time for its payment, upon the promise of said Isidore Lichtenstein that he, or the defendants whom he represented, would assume the payment of $4,000 of said debt, and would pay the same in semi-annual payments of $500 each.   The agreement thus pleaded not being obnoxious to the Statute of Frauds, the plaintiff did not reply thereto but went to trial upon the complaint and amended answer. Isidore Lichtenstein was called as a witness for the defendants and interrogated as to the agreement he had made with the plaintiff.   He testified that the agreement was as it had been pleaded in the original answer, that is, that if he and those for whom he spoke would pay the interest and pay off the principal to the extent of $4,000 in semi-annual installments of $500 each, the plaintiff would then execute an extension of the mortgage for three years.   This agreement was open to the same objection which had been sustained to the agreement pleaded by the original answer, that it was an oral agreement not to be performed within a year.   The court thereupon rendered judgment for the plaintiff.

It is not contended by the respondent that the time for the payment of a debt, even when evidenced by a bond under seal, may not be extended by parol.   The contention is that the alleged agreement to extend was not valid, because it was not only oral, but by its terms, as testified to, was not to be performed within a year.   That this was the character of the agreement was made clear by the testimony of the witness Lichtenstein, who was the person, and the only person, who represented the appellants in the transaction.   His testimony on that subject was as follows: " I told Mr. Burdess that I came and wanted to know what the board of directors of the company had decided to do about the mortgage.   He told me that if I would pay him the $500 every six months, they would allow me to reduce the mortgage to $41,000 by paying the $500 every six months on the interest date, and then after the $4,000 was paid, he would give me a written extension of the mortgage for three years.   *   *   * Q. What else took place after that?   A. Then I asked him whether he would not give me this agreement in writing.   He said ' you will have to take our word for that.   You make your payments regularly on the $500, and after you pay off

the $4,000 in the installments, we will give you a regular form of extension for three years.' By the Court: Q. When was that extension to run from — at the expiration of the last payment? A. Yes, after the last payment on the $4,000. Q. That was your understanding? A. That was my understanding. By Mr. Schleimer: * * * Q. What was your understanding as to their right to foreclose? A. The mortgage was an oral extension, from what I understood, and as soon as I paid off the $4,000 in installments of $500, I was to get the writing to that effect, that it was extended for three years, and was reduced to $41,000. It was to be a standing mortgage for three years. By the Court: Q. Repeat that again. A. After I paid off the $4,000 in installments — Q. That would take four years? A. Yes. Q. That would bring you up to 1918? A. Yes. I was then to get a written extension for three years of a standing mortgage of $41,000. * * *"

Clearly this agreement to extend, which is the agreement upon which appellants rely, was not to be performed within a year — it was to be performed after four years, that is, when $4,000 had been paid in eight semi-annual installments. It differed radically from the agreement pleaded in the amended answer.

It is objected that plaintiff may not avail itself of the Statute of Frauds because it did not plead the statute. It is undoubtedly true that where the invalidity of a contract under the Statute of Frauds is apparent upon the face of the pleading, or is such, as pleaded, that the proof may show it to be obnoxious to the statute, the objection that it contravenes the statute, to be availed of, must be taken by answer, reply or demurrer. (*Crane* v. *Powell*, 139 N. Y. 379; *Honsinger* v. *Mulford*, 90 Hun, 589; affd., 157 N. Y. 674.) But in the present case the extension agreement as pleaded in the amended answer did not contravene the statute, and if the proof had followed the pleading, it would have disclosed a contract valid so far as the Statute of Frauds was concerned. But the proof did not follow the pleading, but, on the contrary, disclosed that the agreement relied upon was obnoxious to the statute. Under such circumstances the void contract will not be enforced, notwithstanding the failure

to plead the statute.   To permit a recovery under such circumstances would be to permit a recovery upon a different agreement from that pleaded.  (*Fanger* v. *Caspary*, 87 App. Div. 417; *Brauer* v. *Oceanic Steam Nav. Co.*, 178 N. Y. 339.)

It is further objected that the court directed judgment for the plaintiff without waiting for defendants to close their case.   On its face this appears to be a formidable objection, but is not such in reality.   The sole defense upon which appellants relied was the alleged extension agreement.   As to that the defendant Isidore Lichtenstein, the only one of the appellants who had personal knowledge, testified fully and repeatedly that he had nothing to add to, or alter in his evidence.   That evidence showed that the agreement was unenforcible.   It is not suggested and indeed is not possible that appellants had any witnesses to prove a different agreement, and to have permitted witnesses to be called to prove the same agreement that the principal witness had already testified to would simply have amounted to receiving cumulative evidence.

Finally, it is contended that although the extension agreement as proven may have been invalid under the Statute of Frauds because not to be fulfilled within a year, it became validated by part performance on the part of appellants, such part performance consisting of the payment by appellants of the interest on the mortgage as it accrued, and four installments of $500 each on account of the principal. These payments were made between February 13, 1914, and March 31, 1916.

It is well settled that part performance by one party to a contract not to be performed within a year, as by paying part of the consideration, will not relieve the contract from the ban of the Statute of Frauds.   The exception made by statute where the contract is for the purchase of personal property exceeding fifty dollars in value (Pers. Prop. Law, § 31)* does not apply to the contract in question.   As to all other contracts within the purview of the statute part performance is not sufficient.   "By an unbroken current of

---

* See, also, Pers. Prop. Law (Consol. Laws, chap. 41; Laws of 1909. chap. 45), § 85, as added by Laws of 1911, chap. 571.— [REP.

authorities running through many years, it is settled too firmly for question that payment, even to the whole amount of the purchase money, is not to be deemed part performance so as to justify a court of equity in enforcing the contract." (Brown Stat. Frauds, § 461.) This rule is the settled law of this State. (See *Cooley* v. *Lobdell,* 153 N. Y. 596; *Milholland* v. *Payne,* 169 App. Div. 712; affd., 218 N. Y. 675; *Wheeler* v. *Reynolds,* 66 id. 227; *Russell* v. *Briggs,* 165 id. 500.)

It appears from the judgment that the amount paid by the appellants has been credited upon the amount found to be due upon the mortgage, thus relieving their property to that extent. It may be that if they had counterclaimed for it they could have compelled a repayment to them of this sum (See *Cooley* v. *Lobdell, supra*) and thus have been restored to the same position they were in when the alleged agreement was made. But no such claim is embraced in the amended answer, and it is, therefore, needless to pursue that subject.

The judgment appealed from is affirmed, with costs.

LAUGHLIN, DOWLING, SMITH and DAVIS, JJ., concurred.

Judgment affirmed, with costs.