Merrell, J.
(dissenting). The real ground upon which defendant appeals is that the contract in suit is governed by the provisions of section 31 of the Personal Property Law, which provides that any contract which by its terms is not to be performed within one year must be in writing, and that if the contract is governed by that section, then that there is no sufficient memorandum of all the material terms of the alleged contract.
Under the terms of the contract between the parties the defendant agreed to buy from plaintiff “ a minimum of 67,200 lbs. tantalum oxide, equivalent to 50 gross tons 60% ore.” Under the contract the defendant was obliged to take ores containing over thirty per cent tantalum oxide. The price of the ore was to be a maximum of two dollars per pound of contained Ta203 as varied and reduced by a definite scheme based upon the purchase price of the ore to plaintiff. As to ores containing between thirty per cent and sixty per cent Ta205 the price was to be agreed upon. The contract provides as to the price, manner of delivery, etc. If the price of ores of less than sixty per cent was left for future determination, it was a very minor part of the contract. The contract in the same provision states: “Your price to us of $2.00 per pound.” The important thing in the contract was the sale of sixty per cent ore at two dollars per pound decreased by one-half of the difference between the plaintiff’s purchase price and one dollar and seventy-five cents per pound. It is alleged in the amended complaint that the future determination was made. The price asked by plaintiff *552 and paid by defendant for defendant’s purchases under the contract of ore of lower tantalum content than sixty per cent was a price less than two dollars per pound. . Plaintiff in the complaint alleged performance of the contract on its part. It is alleged in the complaint that if there was any failure on the part of plaintiff to deliver the tantalum ore, such failure was caused by defendant.
Upon this appeal the defendant narrowly limits the questions presented by the appeal to two: First, whether section 31 of the Personal Property Law applied to the contract herein; and second, as to whether there was a sufficient memorandum of all the terms of the alleged contract. The defendant admits that there was a part delivery and acceptance on its part of a part payment under the contract, and that such payment was sufficient to satisfy the Statute of Frauds, as contained in section 85 of the Personal Property Law. Section 85 provides that “ A contract to sell or a Sale of any goods or choses in action of the value of fifty dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.”
In this case there was a delivery of a part of the goods contracted for and acceptance thereof by defendant. It thus appears that if section 85 of the Personal Property Law is applicable then partial performance has satisfied the requirements of that section. Section 31 is very broad in its provisions. It is provided by Said section as follows: “ Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:
“1. By its terms is not to be performed within one year from the making thereof.”
Undoubtedly complete performance would take the contract out of either statute, but the question is as to whether due partial performance of the contract takes it out of the provisions of section 31 of the Personal Property Law. Ordinarily section 31 has been applied by the courts to contracts of employment, while section 85 has always been applied to contracts for the sale of goods, part performance baking the contract out of the operation of the statute. Our attention is called to no decision of the courts of this State bolding section 31 to be applicable to contracts for the sale of goods, and no New York case, so far as we have found, has held that part performance of a contract for the sale of goods did not satisfy the *553 Statute of Frauds, although the contract, by its terms, was not to be performed within one year. The case of Large v. Wire Wheel Corporation of America (223 App. Div. 134; affd., 250 N. Y. 531), relied upon by appellant, was not upon a contract for the sale of goods, controlled by section 85. The contract in that case was a contract for labor and not for sale of goods. That contract was for the manufacture and supply of automobile rims, the entire output of the manufacturer’s factory. The automobile rims were of a special make, and, therefore, came within the exception mentioned in subdivision 2 of section 85, as such goods as are “ to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller’s business,” and were, therefore, excluded from the sale of goods Statute of Frauds (Pers. Prop. Law, § 85). So the case of Barkley v. Rensselaer & Saratoga R. R. Co. (71 N. Y. 205), cited in the appellant’s brief, showed that the mere fact that the contract in suit was by its terms not to be performed within one year did not prevent a recovery where there was part performance and acceptance. In the case of Williamsburg City Fire Ins. Co. v. Lichtenstein (181 App. Div. 681), where there was a controversy over a mortgage payment, Mr. Justice Scott, writing for this court, said (at p.. 686): “ It is well settled that part performance by one party to a contract not to be performed within a year, as by paying part of the consideration, will not reheve the contract from the ban of the Statute of Frauds. The exception made by statute where the contract is for the purchase of personal property exceeding fifty dollars in value * * * does not apply to the contract in question ” (meaning the mortgage contract). (Italics are the writer’s.)
The above quotation clearly shows that this court has distinguished between the two statutory provisions and has held that in cases of the sale of goods, partial performance takes the contract out of the Statute of Frauds, even though not to be performed within one year. The use of the words “ Every agreement ” in section 31 should not be literally construed. The courts have held that in certain classes of contracts which by their terms were not to be performed within one year, the contract was not required to be in writing, such as mutual promises of marriage (Brick v. Gannar, 36 Hun, 52) and contracts concerning lands (Ward v. Hasbrouck, 169 N. Y. 407). I am of the opinion that where in a contract for the sale of goods, as in the case at bar, there has been a part delivery of the goods under the contract and acceptance thereof and payment therefor by the purchaser, the contract is valid and enforcible, notwithstanding it was not by its terms susceptible of performance within one year. The basic reason for *554 the enactment of statutes requiring certain contracts to be in writing signed by the party to be bound, was to prevent perjury. And so statutes have been passed requiring contracts for the sale of lands, contracts in consideration of marriage, contracts to answer for the debts, defaults or miscarriage of others, and similar contracts susceptible to attempted establishment by perjured testimony, to be in writing, subscribed by the party to be bound. The reason for such statutes is entirely apparent. But where, as in the case at bar, there is no doubt as to the validity of the contract, and where its validity has been recognized by the defendant, a part of the goods accepted and paid for, I see no good reason for holding the contract invalid by reason of the provisions of section 31 of the Personal Property Law. In my opinion the contract in suit was not an invalid one and is not to be governed by the provisions of section 31 of the Personal Property Law, but, being for the sale of personal property exceeding fifty dollars in value and there having been a part delivery of the goods contracted for and acceptance thereof and payment therefor by the vendee, section 85 of the Personal Property Law should apply and the contract be validated. (Williamsburg City Fire Ins. Co. v. Lichtenstein, 181 App. Div. 681.)
Moreover, in my opinion, there are sufficient allegations in this complaint to sustain it. For the purposes of the motion to dismiss the complaint for insufficiency, all of the allegations of the complaint must be taken as true. It is alleged in paragraph 12 of the amended complaint: “ That pursuant to paragraphs 3 and 6 of the said contract of October 29, 1926, as extended and modified, the plaintiff from time to time delivered to the defendant ore carrying less than 60% but 30% or more of Ta^As; that the plaintiff billed the defendant for the same at a rate of Two Dollars ($2.00) per pound of TaffCs contained less one-half the difference, if any, between $1.75 per pound and a price lower than $1.75 at which the plaintiff might be able to procure the Tantalum ore from the producers in accordance with the arrangement set forth in Clause 4 of the said contract of October 29, 1926; and that the defendant, regardless of grade, received and accepted the same and paid the plaintiff therefor at the said rate of Two Dollars ($2.00) per pound, as varied by the cost to the plaintiff of the Tantalum ore; and, upon information and belief, the said rate became the agreed price for such ores under the said contract, notwithstanding the expression in the said contract that such agreed price was to be a ‘ lower price.’ ”
In the brief of the appellant certain letters are referred to concerning the alleged failure to agree as to the price of the lower grade ores. These letters do not appear in the record. The question presented to us is whether or not there was sufficient memo *555 randrnn of the agreement to take it out of the Statute of Frauds. There were, in fact, memoranda alleged and it may be that there were memoranda beyond the mere billing by plaintiff to defendant of the low grade ore and that relate to the acceptance and payment therefor by the defendant. The defendant may allege in its answer that the agreement on which plaintiff is suing is void by reason of section 31 of the Personal Property Law and may attempt to show that there were no sufficient memoranda to take the contract out of the operation of the statute, but, so far as the present complaint is concerned, I think there is sufficient allegation of the existence of an agreement and of memoranda that would take it out of the operation of the statute. The two shipments of the ore having a thirty per cent to sixty per cent content were paid for partly at the two-dollar rate. They were not fully paid for, and the deficiency forms a part of the present action. However, the invoice stated their actual percentage and that payment at the two-dollar rate was thereupon made by the acceptance of eighty per cent of the purchase price ■— all that was required at the time of delivery under the express terms of the contract. The fact that the balance due remains unpaid does not destroy the value as evidence of the fact that the eighty per cent due under the contract was paid in both instances at the two-dollar rate. The letters referred to in the brief of appellant, but not contained in the record, may very well disclose sufficient memoranda to take the contract out of the operation of the statute. The mere fact that plaintiff presented to the Special Term other invoices and a notice with respect to a draft does not indicate that any offer was signed by the party to be charged. The canceled checks and drafts given in payment are not in possession of plaintiff, but it may be assumed have been returned by the banks upon which they were drawn to the defendant and may be produced at the trial in response to a demand therefor by plaintiff. I am, therefore, of the opinion that, at least so far as the low grade ores are concerned, there were sufficient facts set forth in the complaint to state a cause of action and that so far as section 31 of the Personal Property Law is concerned, there are sufficient allegations showing that there were writings and memoranda taldng the contract out of that section.
The order appealed from should be affirmed, with ten dollars costs and disbursements to plaintiff, respondent, against defendant, appellant.
Order modified by granting motion to dismiss the amended complaint, except as to the first cause of action, and as so modified affirmed, with ten dollars costs and disbursements to the respondent, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.