CHARLES A. HERMANN, Appellant, *v.* ULRICH G. GRESSEL, Respondent.

Supreme Court, Erie County, August 31, 1933.

*Schwendler & Schwendler* [*Abraham Wittman* of counsel], for the appellant.

*Sidney B. Pfeifer*, for the respondent.

HORTON, J.   This is an appeal from a judgment of the City Court of Buffalo, dismissing the complaint in an action brought upon the bond accompanying a mortgage upon certain real estate.   The bond was given by defendant on September 4, 1930, and was by its terms payable at the rate of $25 per month, with interest at six per cent, also payable monthly.   On February 2, 1931, defendant conveyed the mortgaged premises to one Margaret Schwendler subject to the mortgage, and an agreement was made by telephone whereby plaintiff agreed to accept payment upon the bond and mortgage at the rate of $75 and interest each quarter.   Mrs. Schwendler owned the property for some six months, during which time the principal and interest were paid quarterly.   She then conveyed to M. Leila Cooley, who took the same subject to the mortgage and made one payment of principal of $50 and two interest payments. The installment of principal due October 1, 1931, was not paid and plaintiff elected to enforce the acceleration clause.   The sum of $680 remains unpaid upon the bond besides interest from January 1, 1932.

In the court below the defendant successfully maintained the defense that the parol agreement changing the time of payment of installments of principal and interest from a monthly to a quarterly basis was such an alteration or extension in the terms of the bond as discharged him from his obligation thereon.   The correctness of the trial court's ruling upon this defense is the only issue upon this appeal.

There is no doubt that after the conveyance of the realty in

question subject to the mortgage the defendant became a surety only for the payment of the mortgage. (*Johnson* v. *Zink*, 52 Barb. 396; affd., 51 N. Y. 333.) There is also no doubt that an extension or substantial change in the terms of payment of the bond or mortgage without the consent of the surety discharges him from liability thereunder (*Paine* v. *Jones*, 76 N. Y. 274); also that the change or extension must not be mere indulgence by the creditor, but must result from an enforcible contract based upon an adequate consideration. (*Powers* v. *Silberstein*, 108 N. Y. 169; *New York Life Ins. Co.* v. *Casey*, 178 id. 381.)

The appellant does not question any of the above propositions of law, but contends that these rules do not apply here because, as a matter of fact, the telephone conversation above referred to did not create a valid agreement extending or changing the terms of payment of the bond, except in so far as and only in so far as it was executed, since in so far as it remained executory the agreement was, *first*, void as attempting by parol to modify a contract under seal; and, *second*, unenforcible under the Statute of Frauds. It is unnecessary for this court to add any fuel to the flames of the controversy as to the effect of an attempted parol modification of a specialty or contract under seal, as it seems clear that the modification agreement in this action is unenforcible under the Statute of Frauds, as such agreement could not by its terms have been performed within a year. (See *Williamsburg City Fire Ins. Co.* v. *Lichtenstein*, 181 App. Div. 681.) The situation, therefore, becomes one where there is an unenforcible agreement to extend the terms of payment of a contract. This cannot operate to discharge the surety.

Judgment of the court below is reversed and judgment directed in favor of the plaintiff, with costs.