J. Robert Lynch, J.
This is an application pursuant to section 333-b of the Real Property Law for the discharge of a mortgage. The mortgage, dated March 5, 1962, is in the face amount of $82,500. The petitioner Oneida Park, Inc., was the mortgagor; the respondent First National Credit Corporation the mortgagee. By its terms it was payable in full on June 3, 1962. It was not *1086 fully paid on that date. By August 28,1962, the mortgagee had received on the mortgage $82,500 together with interest up to that date. According to the petitioner it is therefore entitled to have its mortgage discharged.
The respondent, in refusing to discharge, claims that the mortgage has not yet been paid in full. It says that prior to the due date of June 3,1962 the parties to the mortgage entered into an oral agreement whereby: (1) the mortgagee would extend the due date three months to September 3, 1962; and (2) the mortgagor, instead of repaying $82,500 by June 3, 1962 with interest, would pay $93,250 by September 3, 1962 with interest. The mortgagee claims that .there is therefore $10,750 with interest still outstanding.
The petitioner in reply categorically denies any such oral agreement and alleges in defense the Statute of Frauds. If such an oral agreement cannot be asserted in the face of the Statute of Frauds, it is unnecessary to determine whether this particular oral agreement was in fact made and it is likewise unnecessary to discuss the several other issues raised by the motion. In such event, the petitioner is entitled to an order discharging the mortgage.
The Statute of Frauds does not militate against oral agreements performable by their terms within one year (Personal Property Law, § 31, subd. 1). It has been held that an oral agreement extending payment terms not performable within one year is invalid (Williamsburg City Fire Ins. Co. v. Lichtenstein, 181 App. Div. 681; Hermann v. Gressel, 148 Misc. 775). We do not believe the converse of such a holding necessarily follows because the courts therein were not called upon to determine the converse where, as here, the consideration for such an agreement purports to enlarge the lien of the mortgage beyond its face amount.
An agreement to grant a lien on one’s real property is an agreement to sell an interest in it (Sleeth v. Sampson, 237 N. Y. 69). Such agreements must be in writing (Real Property Law, § 259), as must the conveyance itself (Real Property Law, § 242). So also must there be in writing any extension or agreement to extend the obligation of a previously written mortgage. (Stoddard v. Hart, 23 N. Y. 556; see, also, 3 Glenn, Mortgages, § 407.1.)
The rationale is well stated in the concurring opinion in Imperator Realty Co. v. Tull, 228 N. Y. 447, 454 (although an estoppel was held therein since the oral agreement did not affect the substance of the written contract). There it was said, with numerous citations: “ I think it is the law that where contracts *1087 are subject to the statute, changes are governed by the same requirements of form as original provisions * * * Abrogated by word of mouth such a contract may be * * * but its obligation may not be varied by spoken words of promise while it continues undissolved * * * Oral promises are ineffective to make the contract, or any part of it, in the beginning * * * Oral promises must also be ineffective to vary it thereafter * * :;s Grant and consideration alike must find expression in a writing.” For a further discussion, see Williston, Contracts (3d ed., vol. 4, § 593).
Such an oral agreement to modify being invalid under the Statute of Frauds, the mortgage must be deemed paid and entitled to discharge of record. The court in its discretion declines to award costs or attorney’s fees.