**Harold KONIGSBERG, Plaintiff,**

**v.**

**SECURITY NATIONAL BANK, as Successor in interest to the Royal National Bank, et al., Defendants.**

**No. 74 Civ. 3518.**

United States District Court,
S. D. New York.

Feb. 13, 1975.

---

Benjamin H. Segal, New York City, for plaintiff.

Shea, Gould, Climenko & Kramer, New York City, for defendant Security National Bank; Miles F. McDonald, New York City, of counsel.

Berg, Mezansky & Dorf, New York City, for defendants Goldfine and Stolz; John S. Dorf, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Plaintiff commenced this action on August 13, 1974 seeking to be relieved from a final judgment of this Court dated December 8, 1970 in a civil action captioned Harold Konigsberg v. Royal National Bank et al., docket number 70 Civ. 3162, on the ground that the judgment was procured by fraud upon the Court. The "fraud" alleged in the complaint may be summarized as follows. In the prior action, plaintiff's first cause of action alleged that in February 1961 the defendants obtained from plaintiff 12,500 shares of Sports Arena stock, for which they agreed to pay $180,000 six years later, no part of which had been paid. In support of a motion for summary judgment, defendant Goldfine "individually and as President of the Royal National Bank filed an affidavit in which he denied that any such agreement with the plaintiff ever took place either orally or in writing and that all the allegations of the plaintiff were, 'not only bizarre but absolutely untrue.'" Based upon the Goldfine affidavit, Judge Mansfield granted defendants' motions for summary judgment, stating that the first cause of action was barred by New York Uniform Commercial Code § 8–319 since no part performance was shown by plaintiff. However, contrary to the denial of defendant Goldfine, 12,500 shares of Sports Arena stock held in the name of Theodore Rosenberg, a nominee of plaintiff, were delivered to the Royal State Bank, the predecessor of the Royal National Bank, on December 30, 1960, by the First National City Bank upon payment by Royal State Bank to First National City Bank of $45,000. This transaction is evidenced by a letter from First National City Bank to plaintiff dated February 14, 1973, together with a copy of the receipt for the Sports Arena stock and a copy of a check from Royal State Bank for $45,000. The defendants knew or should have known these facts, and by failing to bring this evidence to the attention of the Court and by actually denying the existence of any such transaction, the defendants "defrauded this Court which fraud materially effected [sic] the above stated decision of Judge Mansfield in granting summary judgment to the defendants and against the plaintiff."

Defendants Goldfine, Stolz, and Security National Bank, successor in interest to the Royal National Bank and recently taken over by the Chemical Bank, move for an order pursuant to F.R.Civ. P. 12(b)(6) dismissing the complaint for failure to state a claim upon which relief can be granted. Concededly, plaintiff seeks relief from the prior judgment only insofar as that judgment dismissed plaintiff's first cause of action, which, as stated above, pertained to the 12,500 shares of Sports Arena stock.

Prior to the argument of the motions on November 18, 1974, the Court received a letter from plaintiff, who is incarcerated in the Clinton Correctional Facility in Dannemora, New York, enclosing his affidavit in opposition to the motions to dismiss and a proposed new complaint. The proposed new complaint appears to cover some of the same transactions which formed the basis of plaintiff's complaint in 70 Civ. 3162, but demands judgment in the amount of some $8,201,750 as opposed to $1,237,500. At argument on November 18, 1974, plaintiff's

letter, affidavit, and proposed new complaint were made available to counsel for plaintiff. At the same time, counsel for plaintiff, who had apparently received copies of these materials previously, submitted a copy of a letter which he wrote to plaintiff concerning plaintiff's affidavit and counsel's possible withdrawal from the case.

F.R.Civ.P. 60(b) provides in relevant part:

> "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of a judgment. The motion shall be made within a reasonable time, and for reason[s] . . (3) not more than one year after the judgment . . . was entered or taken. . . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment . . . or to set aside a judgment for fraud upon the court."

■ Plaintiff commenced the present action some 3 years and 8 months after entry of the judgment from which he seeks to be relieved. This action is also brought some 18 months after plaintiff received from First National City Bank the documents on which he bases his charges of fraud. Relief under F.R. Civ.P. 60(b)(3) is therefore clearly time-barred. Since plaintiff's claim for relief from the judgment is covered by F.R.Civ.P. 60(b)(3), resort cannot be made to F.R.Civ.P. 60(b)(6). 7 J. Moore, Federal Practice ¶ 60.27[1], at 343 (2d ed. 1974); Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949).

■ Plaintiff makes reference to the provisions in F.R.Civ.P. 60(b) pertaining to an independent action to relieve a party from a judgment and setting aside a judgment for fraud upon the Court. Even assuming the truth of the matters set forth in the complaint, plaintiff has not alleged conduct amounting to fraud upon the Court. Fraud upon the Court embraces "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjuding [sic] cases that are presented for adjudication." 7 J. Moore, supra, ¶ 60.33, at 515; Serzysko v. Chase Manhattan Bank, 461 F.2d 699 (2d Cir.), cert. denied, 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed. 2d 139, petition for rehearing denied, 409 U.S. 1029, 93 S.Ct. 470, 34 L.Ed. 2d 324 (1972).

■ Independent actions to relieve a party from a judgment have traditionally been cognizable only in cases of extrinsic as opposed to intrinsic fraud. See United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93 (1878): Serzysko v. Chase Manhattan Bank, supra. "Fraud is extrinsic where a party is prevented by trick, artifice or other fraudulent conduct from fairly presenting his claim or defenses or introducing relevant and material evidence." 7 J. Moore, supra, ¶ 60.37[1], at 613. On the other hand, perjury, such as that alleged here, has been recognized as a variety of intrinsic fraud. 7 J. Moore, supra, ¶ 60.37[1], at 615. Serzysko v. Chase Manhattan Bank, supra. Even under the more relaxed standard suggested in Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870 (1891), plaintiff's allegations are insufficient to sustain an independent action. Plaintiff was aware of the alleged transaction in Sports Arena stock and was represented by counsel in the original action, although plaintiff himself was apparently confined at the United States Medical Center in Springfield, Missouri. No reason appears not then known to the Court why the docu-

ments obtained from the First National City Bank now presented could not have been obtained in 1970 for submission in opposition to defendants' motions for summary judgment.

 In granting defendants' motions for summary judgment, Judge Mansfield found that plaintiff's first cause of action was barred by New York General Obligations Law § 5–701 and New York Uniform Commercial Code § 8–319. Section 8–319 requires contracts for the sale of securities to be in writing. To fall within the exception excusing the failure to have a writing, the part performance must be unequivocally referable to the alleged contract. Mortimer B. Burnside & Co. v. Havener Securities Corp., 25 A.D.2d 373, 269 N.Y.S.2d 724 (1st Dept. 1966). The Court cannot say that First National City Bank's delivery in December 1960 of 12,500 shares of Sports Arena stock to Royal State Bank in exchange for $45,000 is unequivocally referable to the contract alleged by plaintiff in his original complaint to have been made in February 1961. Moreover, under New York law, part performance will not except a contract not to be performed within one year from the writing requirement of New York General Obligations Law § 5–701. Babdo Sales, Inc. v. Miller-Wohl Co., 317 F.Supp. 892 (S.D.N.Y.1970), rev'd on other grounds, 440 F.2d 962 (2d Cir. 1971); Grissman v. Union Carbide Corp., 279 F.Supp. 413 (S.D.N.Y.1968); David Taylor Co. v. Fansteel Products Co., 234 App.Div. 548, 255 N.Y.S. 270 (1st Dept. 1932), aff'd, 261 N.Y. 514, 185 N.E. 718 (1933); Deutsch v. Textile Waste Merchandising Co., 212 App. Div. 681, 209 N.Y.S. 388 (1st Dept. 1925).. Recovery on a theory of unjust enrichment some 14 years after the alleged delivery of the stock would be speculative at best.

The Court finds that plaintiff has failed to state any claim upon which he could be granted relief from the prior final judgment. Accordingly, defendants' motions to dismiss the complaint are granted.

Settle order on notice.