JEANETTE P. ROCHA, Petitioner

v.

JOSE M.B. ROCHA, Respondent

High Court of American Samoa
Trial Division

DR No. 74-89

June 7, 1993

Before KRUSE, Chief Justice, and BETHAM, Associate Judge.

Counsel: For Petitioner, Robert A. Dennison III
For Respondent, Asaua Fuimaono

On Motion for Reconsideration:

Rule 60(b), T.C.R.C.P., enumerates six, specific grounds for relief from a final judgment. The rule also contains two "saving clauses," which state that the rule does not limit a court's power "[1] to entertain an independent action to relieve a party from a judgment, order, or proceeding, . . . or [2] to set aside a judgment for fraud upon the court." T.C.R.C.P. 60(b); Fed. R. Civ. P. 60(b); *see generally* 7 Moore's Federal Practice paras. 60.31, 60.33, at 60-348 to 60-362 (1985 & Supp. 1984-85). When an adverse party would not be prejudiced, this independent action for equitable relief may be treated as a Rule 60(b) motion, and vice-versa. *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 n.7 (5th Cir. 1970), *cert. denied* 399 U.S. 927 (1970); *Budge v. Post*, 544 F. Supp. 370, 376 n.4 (N.D. Tex. 1982) (citing *Bankers Mortgage Co.*); *H.K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1118 (6th Cir. 1976) (citing *Bankers Mortgage Co.*).

A successful independent action in equity requires the following elements:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any adequate remedy at law.

*Bankers Mortgage Co.*, 423 F.2d at 79 (quoting *National Surety Co. v. State Bank*, 120 F. 593, 599 (8th Cir. 1903)).

The fraud which is the basis of an independent action must be "extrinsic;" that is, the fraud must have prevented the raising of an argument or the assertion of a claim or defense at trial. *Great Coastal Express, Inc. v. International Brotherhood of Teamsters*, 675 F.2d 1349, 1358 (4th Cir. 1982) (citing *United States v. Throckmorton*, 98 U.S. 61 (1878)), *cert. denied* 459 U.S. 1128 (1983); *Green v. Ancora-Citronelle*

56

*Corp.*, 577 F.2d 1380, 1384 (9th Cir. 1978) (citing *Pico v. Cohn*, 25 P. 970, 970-71 (Cal. 1891); *Kulchar v. Kulchar*, 462 P.2d 17 (Cal. 1969); *Kachig v. Boothe*, 99 Cal. Rptr. 393 (Ct. App. 1971)) (refusing to set aside state court's judgment). Depriving a party of his right to a "day in court" also qualifies as "extrinsic" (or "collateral") fraud. *Green*, 577 F.2d at 1384 (citing *Pentz v. Kuppinger*, 107 Cal. Rptr. 540, 543 (Ct. App. 1973); *Robinson v. Robinson*, 17 Cal. Rptr. 786, 788 (Ct. App. 1961)). Perjury and false testimony, though, are inadequate--for many of the same reasons applicable to "fraud on the court." *Great Coastal Express*, 675 F.2d at 1358 (citing *Durham v. New Amsterdam Casualty Co.*, 208 F.2d 342, 345 (4th Cir. 1953); *Aetna Casualty & Surety Co. v. Abbott*, 130 F.2d 40, 43-44 (4th Cir. 1942); *Chrysler Corp. v. Superior Dodge, Inc.*, 83 F.R.D. 179, 186 (D. Md. 1979); *Prickett v. Duke Power Co.*, 49 F.R.D. 116, 118 (D.S.C. 1970)).

Furthermore, the parallel "saving clause" permitting a court "to set aside a judgment for fraud upon the court" has been construed very narrowly. *Great Coastal Express*, 675 F.2d at 1356 (citing *Kerwit Medical Products, Inc. v. N & H Instruments*, 616 F.2d 833, 836-37 (5th Cir. 1980); *Senate Realty Corp. v. Commissioner*, 511 F.2d 929, 931-33 (2d Cir. 1975)). "[O]nly a small number of those acts that can be considered fraud amount to 'fraud upon the court.'" *Budge*, 544 F. Supp. at 377 (quoting *Kerwit Medical Products*, 616 F.2d at 836-37). This narrow construction arises from a concern that it could be used to entirely circumvent the time limits of Rule 60(b)(3). *Great Coastal Express*, 675 F.2d at 1356 (citing *Kupferman v. Consolidated Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972); 7 Moore's Federal Practice § 60.33, at 511 (1971)).

All fraud is not "fraud on the court," but only that which constitutes "a deliberate scheme to directly subvert the judicial process." *Great Coastal Express*, 675 F.2d at 1356 (citing 11 Wright & Miller, Federal Practice and Procedure § 2870, at 253 (1973)); *see Budge*, 544 F. Supp. at 377 (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). This type of fraud occurs when "the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function--thus where the impartial functions of the court have been directly corrupted." *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) (en banc), *cert. denied* 474 U.S. 1086 (1986); *see Budge*, 544 F. Supp. at 377 (citing *United States v. International Tel. & Tel. Corp.*, 349 F. Supp. 22, 29 (D. Conn. 1972), *aff'd without opinion sub. nom Nader v. United States*, 410 U.S. 919 (1973)). Fraud which mainly concerns the opposing parties and

which does not threaten harm to the public does not meet this standard. *Great Coastal Express*, 675 F.2d at 1356 (citing *Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238 (1944); Comment, 60 Cal. L. Rev. 531, 557 (1972)). Only fraud which normally cannot be exposed during trial will suffice. Nondisclosure of evidence in pre-trial discovery is likewise not "fraud on the court." *Bulloch*, 763 F.2d at 1121 (citing *H.K. Porter Co. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115 (6th Cir. 1976)). In short, "[p]erjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible." *Great Coastal Express*, 675 F.2d at 1357 (citing *Hazel-Atlas*, 322 U.S. at 245; *Pfeizer, Inc. v. International Rectifier Corp.*, 538 F.2d 180, 193-95 (8th Cir. 1976), *cert. denied* 429 U.S. 1040 (1977); *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir. 1972), *cert. denied* 409 U.S. 883 (1972); *Porcelli v. Joseph Schlitz Brewing Co.*, 78 F.R.D. 499 (E.D. Wisc. 1978), *aff'd without opinion* 588 F.2d 838 (7th Cir. 1978); *Koningsberg v. Security Nat'l Bank*, 66 F.R.D. 439, 442 (S.D.N.Y. 1975); *Lockwood v. Bowles*, 46 F.R.D. 625, 630 (D.D.C. 1969)).

Because of the interest in the finality of judgments, fraud sufficient to constitute "fraud on the court" is rarely present. First, "'fraud on the court' is typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Great Coastal Express*, 675 F.2d at 1356 (citing *Addington v. Farmer's Elevator Mutual Ins. Co.*, 650 F.2d 663, 668 (5th Cir. 1981), *cert. denied* 454 U.S. 1098 (1981); *Lockwood v. Bowles*, 46 F.R.D. 625, 630 (D.D.C. 1969)). Second, this fraud must be proven by "clear and convincing evidence . . . , and all doubts must be resolved in favor of the finality of the judgment." *Bulloch*, 763 F.2d at 1121.

On April 26, 1993, this court decided that respondent's motion for relief from judgment, though seeking to take advantage of subsection (6), was based on petitioner's fraud and so was properly categorized under subsection (3). Having been filed more than one year after the judgment, the Rule 60(b)(3) motion was denied as untimely. On May 6, 1993, respondent filed a motion for reconsideration of the order denying relief.

Also on the basis of fraud, respondent seeks to assert an independent action for relief from the judgment. However, he has not proven that he was prevented from raising an issue or defense at trial.

58

Indeed, the issue of paternity is frequently a central issue in divorce cases. Rather, respondent merely alleges that petitioner concealed the fact that he was not the child's natural father. Even if this allegation were true, respondent could and should have raised this issue at trial. He did not to do so. Thus, the fraud alleged does not constitute "extrinsic" fraud and does not overcome the strong public interest in the finality of judgments. Therefore, respondent's motion for reconsideration is DENIED.

It is so ordered.