## Bernard C. DUSE, Jr.,

v.

## IBM CORPORATION, Richard J. Sweetnam, and Christopher C. Burdett.

### No. 3:02CV707 (JBA).

United States District Court, D. Connecticut.

Dec. 30, 2002.

---

59

Bernard C. Duse, Jr., Alexandria, VA, pro se.

Patrick W. Shea, Peter M. Schultz, Paul, Hastings, Janofsky & Walker, Stamford, CT, Christopher Brigham, John Gerard Stretton, Updike, Kelly & Spellacy, P.C., New Haven, CT, for defendants.

### RULING on DEFENDANT BURDETT'S MOTION to DISMISS [DOC. # 20] and DEFENDANTS IBM'S and SWEET- NAM'S MOTION to DISMISS [DOC. # 22]

ARTERTON, District Judge.

Plaintiff Bernard C. Duse, Jr. ("Duse") brings this independent action *pro se* under the saving clause of Fed.R.Civ.P. 60(b), alleging that, but for defendants' fraudulent conduct, this Court would not have granted both of defendant IBM's summary judgment motions in the prior action *Duse v. Int'l Bus. Mach. Corp.*, Civil Action No. 3:94cv01247 ("1994 Litigation"). Defendants IBM and Richard J. Sweetnam ("Sweetnam") and defendant Christopher C. Burdett ("Burdett") have moved separately to dismiss plaintiff's action under Fed.R.Civ.P. 12(b)(6). In essence, the motions argue that plaintiff's claim is barred because he was aware of all facts giving rise to the alleged fraud fully four years prior to the final disposition of the 1994 Litigation, and, in the alternative, that the alleged fraudulent conduct does not as a matter of law constitute fraud on the court. For the reasons set forth below, defendants' motions to dismiss [Doc. # 20 & 22] are GRANTED.

## I. Procedural History and Factual Allegations[1]

In July 1992, plaintiff Duse and defendant IBM entered into a settlement agreement, pursuant to which IBM paid Duse a specified sum and various litigations in federal and state courts commenced in the mid–1980s were terminated. The agreement prohibited the parties from disclosing the amount of the settlement "except as may be required by law or by business necessity."

In January 1993, IBM filed a Form 1099–MISC ("Form 1099") with the Internal Revenue Service ("IRS"), reporting as "Miscellaneous Income" the amount paid to Duse and his attorneys under the settlement agreement. In June 1994, Duse sued IBM in Connecticut Superior Court, alleging that IBM's filing of the Form 1099 breached the settlement agreement because the filing was neither required by law nor by business necessity, and that IBM filed the form solely for the purpose of harassing Duse and thereby had intentionally inflicted emotional distress on him. Invoking federal diversity jurisdiction, IBM removed the suit (which then became the "1994 Litigation"). On March 31, 1998, this Court granted in part IBM's first motion for summary judgment, dismissing plaintiff's contract claim. After time for additional discovery, on January 10, 2000, this Court also granted IBM's second motion for summary judgment on plaintiff's remaining claim for intentional infliction of emotional distress.

On appeal, the Second Circuit affirmed, albeit for different reasons, holding that: 1) IBM did not breach the settlement agreement because, in light of the lack of clarity in the law regarding whether filing of the Form 1099 was required and the potential penalty for not filing if such a requirement existed, IBM's filing amounted to at least a business necessity; and 2) IBM's filing, having been required by law or business necessity, could not rationally be characterized as extreme and outrageous conduct, one of the elements a plaintiff must prove to prevail on a claim of intentional infliction of emotional distress. See Duse, 252 F.3d at 162–63.

Plaintiff now asserts that defendants IBM and Sweetnam perpetrated fraud on this Court during the 1994 Litigation by failing to disclose to plaintiff and to this Court what plaintiff alleges was the "real reason" behind IBM's filing of the Form 1099, namely, to obtain a pre-tax business expense deduction by mis-characterizing the settlement payment to plaintiff as a payment made to an independent contractor in return for services rendered. Plaintiff alleges he learned of the latent purpose in July 1995 after receiving from IBM a letter that, according to plaintiff, reveals the mis-characterization. Next, claims plaintiff, in spite of his repeated supplications to defendant Burdett, plaintiff's counsel of record in the 1994 Litigation, Burdett also refused to reveal IBM's latent purpose to this Court, and thereby participated in and aided his co-defendants' fraud. Finally, Mr. Duse alleges that both the alleged mis-classification of his status as recipient of the settlement payment and failure to disclose such information to this Court have augmented and continue to augment the emotional distress he has suffered as a result of his ongoing conflict with IBM.

After conference presentation by defendants of the issues to be posed in their forthcoming motion to dismiss, plaintiff was given opportunity to amend his complaint, which he filed on August 5, 2002 [Doc. # 19]. Mr. Duse's amended complaint and related submissions, however, omit critical contents of an affidavit he submitted in opposition to the second summary judgment motion filed by IBM in the 1994 Litigation. The affidavit stated in paragraph 52:

> In the summer of 1995 my emotional distress was made even worse when I learned that not only had IBM filed the Form 1099, but they had characterized me to the IRS as an independent contractor with respect to that payment, apparently as a part of a tax-avoidance scheme.

---

1. For a fuller account of plaintiff's almost two decade long struggle with defendant IBM, the interested reader is directed to *Duse v. Int'l Bus. Mach. Corp.*, No. 3:94cv01247 (JBA), 2000 WL 306955, at *1–2 (D.Conn. Jan. 10, 2000), and *Duse v. Int'l Bus. Mach. Corp.*, 252 F.3d 151, 152–157 (2d Cir.2001).

Other portions of this affidavit were explicitly cited in the Court's ruling on IBM's second motion. *See Duse v. International Bus. Machines Corp.*, 2000 WL 306955 at *2 & *4 (D.Conn. Jan. 10, 2000) (*citing* Duse Aff. ¶¶ 46, 51 & 54).

## II. Discussion

■ The saving clause of Rule 60(b) of the Federal Rules of Civil Procedure provides,

> This rule does not limit the power of a court to entertain an independent action . . . to set aside a judgment for fraud upon the court.

Independent actions for fraud upon the court under Rule 60(b) are reserved for " 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res-judicata," *see U.S. v. Beggerly*, 524 U.S. 38, 46, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998)(*quoting Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 244, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)), and therefore are available "only to prevent a grave miscarriage of justice." *Id.* at 46–47, 118 S.Ct. 1862; *see Kupferman v. Consol. Research and Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir.1972)(Friendly, J.)(Fraud upon the court "should embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are

presented for adjudication.")(quotations omitted); *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir.1972); *Martina Theatre Corp. v. Schine Chain Theatres, Inc.*, 278 F.2d 798, 801 (2d Cir.1960)(Friendly, J.); *see also Gleason v. Jandrucko*, 860 F.2d 556, 558–59 (2d Cir.1988).[2]

■ Because the factual basis of non-disclosure that constitutes the fraud upon the court alleged by Mr. Duse (defendant's failure to disclose to this Court during the 1994 litigation that it filed the Form 1099 to obtain a pre-tax business expense deduction by mis-characterizing the settlement payment to plaintiff as a payment made to an independent contractor) was known to both plaintiff and the Court before the final disposition of the 1994 Litigation, plaintiff fails to satisfy the gross injustice standard applicable to the saving clause of Fed.R.Civ.P. 60(b) and therefore cannot sustain an independent action for fraud upon the court. According to plaintiff's amended complaint, plaintiff received the letter in July 1995, and during the same month alerted IBM via certified mail return receipt requested that the letter incorrectly characterized plaintiff's tax status. As noted above, during the 1994 Litigation, defendant Burdett as plaintiff's counsel did disclose through plaintiff's affidavit the alleged mis-characterization and corresponding tax benefit underlying the filing of the Form 1099 as a basis for plaintiff's emotional distress claim. Analogous to the situation in *Kupferman,*[3] defendants IBM and Sweetnam

---

2. Fed.R.Civ.P. 60(b)(3) also authorizes a court on motion "to relieve a party . . . from a final judgment . . . for . . . fraud . . . , misrepresentation, or other misconduct of an adverse party," provided that such motion is made within a reasonable time and not more than one year after the judgment was entered. However, allegations that at best would form the basis for "fraud . . . of an adverse party" are insufficient to maintain an independent action for "fraud upon the court" for to allow otherwise would render meaningless the one-year limitations period applicable to motions made under Fed.R.Civ.P. 60(b)(3). *See Beggerly*, 524 U.S. at 46, 118 S.Ct. 1862; *Kupferman*, 459 F.2d at 1078. As judgment in the 1994 Litigation was entered on January 13, 2000 and the present suit was commenced in April 2002, Mr. Duse may not avail himself of the broader scope of Fed.R.Civ.P. 60(b)(3) but rather must, as he has done, pursue relief from judgment under the Rule's saving clause.

3. In *Kupferman,* the Second Circuit held that no fraud upon the court occurred where an attorney failed to disclose to the court or adverse party the existence of a release from liability constituting a material defense because the attorney could reasonably have believed both that there were viable competing interpretations of the release and that the attorney for the opposing party knew of the release but, for tactical reasons, chose not to bring it before the court. *See Kupferman*, 459 F.2d at 1080–81 ("Broad statements that a trial is a search for the truth must be read in the context that, under our legal system, the method for reaching this goal is a properly conducted adversary proceeding. . . . [I]t would be going too far to characterize as 'fraud upon the court' [defendant's] failure to disclose an instrument which [defendant] could have supposed reasonably—although, as it now appears, erroneously—to have been known to his adversary.").

reasonably believed (and, here, also actually knew) that plaintiff and his counsel possessed the letter forming the basis of plaintiff's allegation that IBM mis-characterized plaintiff's tax status to obtain a business expense deduction. Moreover, defendant Burdett could not have participated and aided in IBM's alleged failure to disclose because, in fact, he did disclose to this Court by sworn submission the fraud now alleged by plaintiff. Thus, defendants IBM and Sweetnam committed no fraud upon this Court by leaving it to plaintiff and his counsel to utilize to their tactical advantage the fraud plaintiff now alleges and of which plaintiff and his counsel were fully aware four years before the final disposition of the 1994 Litigation. Accordingly, plaintiff's present allegations of fraud cannot constitute "a grave miscarriage of justice," *Beggerly,* 524 U.S. at 46–47, 118 S.Ct. 1862, and defendants' motions must be granted.

■ Plaintiff's action also fails on procedural grounds. To maintain an independent action for fraud upon the court under Fed. R.Civ.P. 60(b), plaintiff must have had "no opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action." *Serzysko,* 461 F.2d at 702 n. 2; *see Gleason,* 860 F.2d at 560; *M.W. Zack Metal Co. v. Int'l Navigation Corp.,* 675 F.2d 525, 529–30 (2d Cir.1982). Independent actions are thus barred where plaintiff had ample opportunity to or, in fact, did raise the alleged fraud in the underlying action. *See M.W. Zack,* 675 F.2d at 529. As detailed above, plaintiff did disclose to this Court by affidavit the presently alleged fraud during the 1994 litigation, and this Court demonstrated its familiarity with plaintiff's affidavit by referencing it no less than three times in its ruling. *See Duse,* 2000 WL 306955 at *2 & *4. Thus, since plaintiff previously raised the same fraud for this Court's consideration, his independent action is procedurally barred.

### III. Conclusion

For the reasons set out above, defendants' motions to dismiss [docs. # 20, # 22] plaintiff's complaint are GRANTED, with prejudice, inasmuch as plaintiff has already amended his complaint in anticipation of the motions to dismiss.

The Clerk is directed to close this case.

IT IS SO ORDERED.