Frank BETTIS, Plaintiff–Appellant,

v.

Raymond KELLY, as Commissioner of the New York City Police Department, Bernard Kerik, as former Commissioner of the New York City Police Department, William Bratton, as former Commissioner of the City of New York Police Department, Howard Safir, as former Commissioner of the New York City Police Department, City of New York, Defendants–Appellees.

No. 04–4979.

United States Court of Appeals, Second Circuit.

April 28, 2005.

(On submission) Frank Bettis, New York, NY, for Appellant.

(On submission) Michael A. Cardozo, Corporation Counsel of the City of New York, Pamela Seider Dolgow, John Hogrogian, Assistant Corporation Counsel of the City of New York, New York, NY, for Appellees.

PRESENT: KEARSE, JACOBS, and CALABRESI, Circuit Judges.

*SUMMARY ORDER*

Frank Bettis appeals an August 9, 2004 judgment of the United States District Court for the Southern District of New York (Mukasey, *C.J.*), dismissing his termination of employment claims under the doctrine of *res judicata.* We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Bettis previously sued the City of New York, and various Commissioners of the New York City police department, in connection with the termination. *See Bettis v. Safir,* No. 97–cv–1908, 2000 U.S. Dist. LEXIS 13285, 2000 WL 1336055 (S.D.N.Y. Sept. 15, 2000). The claims were dismissed on summary judgment, *id.* at *1, 2000 WL 1336055, and no appeal was tak-

en, *see Bettis v. Kelly,* No. 02–cv–104, 2004 WL 1774252, 2004 U.S. Dist. LEXIS 15463, at *2 (S.D.N.Y. Aug. 9, 2004). As such, the district court correctly held that the doctrine of *res judicata* bars Bettis' current lawsuit. "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *see also Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir.2001) ("To prove that a claim is precluded under this doctrine, 'a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.' ") (quoting *Monahan v. New York City Dep't of Corr.,* 214 F.3d 275, 284–85 (2d Cir.2000)) (alterations in original).

Bettis contends that: (i) his present claims are based on different legal theories; and (ii) the appellees inappropriately withheld information during the prior litigation. However, *res judicata* bars relitigation of issues that "could have been raised" in a prior action. *Allen,* 449 U.S. at 94, 101 S.Ct. 411. Similarly, any allegations of misconduct in the prior litigation should have been raised in an appropriate challenge to that judgment. *See* Fed. R.Civ.P. 60(b) (court may "relieve a party or a party's legal representative from a final judgment, order, or proceeding" resulting from "fraud .·.., misrepresentation, or other misconduct of an adverse party").

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.