SUMMARY ORDER

Creditor-appellant Robert A. Weitzel (“Weitzel”) appeals from a September 10, 2007 decision of the United States District Court for the Eastern District of New York (Spatt, J.) affirming an August 15, 2006 decision of the United States Bankruptcy Court for the Eastern District of New York (Eisenberg, J.) denying Weitzel’s motion to vacate a Stipulation and Order Resolving Consolidated Debtor’s *679 Objection to the Claim Filed by SMS Acquisition, Inc. (“SMS”) For Allowance and Payment of Administrative Expenses (the “Stipulation”) under Federal Rule of Civil Procedure 60(b)(6). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
Assuming arguendo that Weitzel’s Motion to Vacate under Federal Rule of Civil Procedure 60(b)(6) was proeedurally proper because his grounds for relief were not duplicative of time-barred claims under Federal Rules of Civil Procedure 60(b)(1)-(3), see Serzysko v. Chase Manhattan Bank, 461 F.2d 699, 701-02 (2d Cir.1972), the district court correctly determined that the bankruptcy court did not abuse its discretion in denying the motion, Grace v. Bank Leumi Trust Co., 443 F.3d 180, 187 (2d Cir.2006) (stating that Rule 60(b) decisions are “reverse[d] only where there has been an abuse of discretion”).
Specifically, the district court correctly noted that the Stipulation’s general release of SMS by International Total Services, Inc. (“ITS”) was sufficiently conspicuous, as it was contained in a fourth decretal paragraph of the four page document, which was served in its entirety on the bankruptcy court and Weitzel’s attorney over two years before the filing of the Motion to Vacate. See Vincenty v. Bloomberg, 476 F.3d 74, 83 (2d Cir.2007) (“A [lower court] abuses its discretion when ... its decision rests on ... a clearly erroneous factual finding.” (internal quotation marks omitted)). Nor did the bankruptcy court abuse its discretion when it found that the Kansas City Contract was not fraudulently procured because SMS had permission to use ITS’s name, received assurances that the former ITS would not be submitting a bid, and the Transportation Security Administration (“TSA”) was aware that the entity receiving the contract was SMS, not the liquidating-ITS, as reported by Assistant U.S. Attorney Stahl. See id. With respect to the 81 contracts, as the bankruptcy court found and as the district court affirmed, ITS’s President testified that through the Asset Purchase Agreement, SMS purchased all that was not “funded by the TSA,” which would include the contracts Weitzel claims were fraudulently obtained. Moreover, the Liquidating Agent concluded that SMS did not improperly classify these contracts in its Accounts Receivable Ledger, thus again, the bankruptcy court did not abuse its discretion in its conclusion. Id.
In total, the bankruptcy court did not rest any part of its analysis on “clearly erroneous factual findingfs],” nor did its holding fall beyond “the range of permissible decisions,” RJE Corp. v. Northville Indus. Corp., 329 F.3d 310, 316 (2d Cir.2003), when it determined that the circumstances surrounding the release, the Kansas City TSA contract, and the 81 other contracts did not amount to “fraud on the court” under Rule 60(b), see Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1325 (2d Cir.1995) (“The concept of fraud on the court embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.” (internal citation and quotations omitted)).
Finally, SMS’s motion to dismiss ITS from this Appeal is granted. Under the Stipulation, Weitzel received the sole post-Liquidation interest in ITS. Weitzel also “disclaim[ed] ... any and all causes of action held by the Consolidated Debtor” or its “constituent entities,” which includes ITS. Weitzel cannot now use control of ITS to pursue or support claims against SMS that he disclaimed.
*680 For the foregoing reasons, the judgment of the district court is AFFIRMED and the defendants-appellees’ motion is GRANTED.