19-78(L)
*Li v. Chinatown Take-Out, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand twenty.

PRESENT: GUIDO CALABRESI,
RICHARD C. WESLEY,
RICHARD J. SULLIVAN,
*Circuit Judges.*

---------------------------------------------------------------------

SHANFA LI, on behalf of himself and others similarly situated, GUIMING SHAO,

*Plaintiffs-Appellants-Cross-Appellees,*

v.

Nos. 19-78-cv,
19-2628-cv

CHINATOWN TAKE-OUT INC., DBA CHINA TOWN TAKE OUT, YECHIEL MEITELES,

*Defendants-Appellees-Cross-Appellants*.

---------------------------------------------------------------------

| FOR PLAINTIFFS-APPELLANTS-CROSS-APPELLEES: | AARON B. SCHWEITZER (John Troy *on the brief*), Troy Law, PLLC, New York, NY. |
|---|---|
| FOR DEFENDANTS-APPELLEES-CROSS-APPELLANTS: | BERNARD WEINREB, Spring Valley, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Judith C. McCarthy, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants-Cross-Appellees Shanfa Li and Guiming Shao ("Plaintiffs") appeal from a judgment of the United States District Court for the Southern District of New York (McCarthy, *M.J.*), following a bench trial in which the court awarded Plaintiffs damages on their Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims against their employers, Chinatown Take-out Inc. and Yechiel Meiteles ("Defendants").[1]  In their complaint, Plaintiffs

---

[1] Under 28 U.S.C. § 636(c), the parties consented to have the magistrate judge conduct all proceedings, including trial, in the case.

alleged, among other things, that Defendants failed to pay the minimum wage and overtime, and that they failed to provide wage notices and wage statements as required by state law. Plaintiffs appeal the district court's findings as to the amount of work they performed without compensation, as well as the district court's award of $2,500 in statutory damages for Defendants' violation of the NYLL's wage notice requirements. Defendants cross-appeal, challenging the court's determinations regarding Plaintiffs' claims for straight time wages – *i.e.*, the non-overtime hours Plaintiffs worked but for which they were not paid – and its findings regarding the length and compensability of Plaintiffs' mealtimes. Defendants also dispute the court's calculation of straight time and overtime damages and its denial of Defendants' Rule 60(b)(3) motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we note only to the extent necessary to explain our decision.

## I. Credibility Determinations Regarding Plaintiffs' Compensable Hours

"Following a bench trial, we set aside findings of fact only when they are clearly erroneous, and we give due regard to the trial court's credibility determinations." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 300 (2d Cir. 2006)

(internal quotation marks omitted). "The 'clearly erroneous' standard applies whether the findings are based on witness testimony, or on documentary evidence, or on inferences from other facts." *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011). "[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (internal quotation marks omitted).

Plaintiffs argue that the court failed to properly apply the burden-shifting framework from *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), when it determined that Plaintiffs did not work on Jewish holidays and did not work past 8:00 p.m. on days that they allege they worked until 10:00 p.m. The court, however, was entitled to credit Defendants' testimony over Plaintiffs' recollection and determine that as to these issues, "[Plaintiffs'] testimony did not sufficiently show the amount and extent of their claimed work." Special App'x at 34; *see Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 31 (2d Cir. 2002), *overruled on other grounds by Slayton v. Am. Express Co.*, 460 F.3d 215 (2d Cir. 2006). Accordingly, we find no clear error in the district court's analysis.

Similarly, we reject Defendants' conclusory challenges to the district court's credibility determinations relating to payment of straight time wages and details

4

about mealtime. Defendants argue that Plaintiffs' testimony was so "totally unbelievable . . . that it was unreasonable for the court to accept any of their testimony," including Plaintiffs' claims that they were not paid their promised wages. Defendants' Br. at 17–19. The record, however, does not support Defendants' view, and the district court's decision was not clearly erroneous.

As to Plaintiffs' mealtimes, "if [an employee] is required to perform any duties, whether active or inactive, while eating," he is not "completely relieved" from duty, and the meal period is compensable. 29 C.F.R. § 785.19(a). The district court considered the parties' credibility with respect to their testimony on mealtime and determined that Plaintiffs spent about twenty minutes eating meals, during which time they could be required to stop eating if a task needed completion. Given that "[w]e are not allowed to second-guess the court's credibility assessments," we do not find the district court's findings to be clearly erroneous. *Diesel Props S.r.l.*, 631 F.3d at 52.

## II. Calculation of Damages

Each party challenges certain aspects of the district court's calculation of damages. We find the arguments unpersuasive and affirm the award. First, we reject Defendants' argument that the district court erred in calculating the

damages Plaintiffs are owed for unpaid straight time. Defendants' conclusory assertions provide us no reason to disturb the district court's award of damages under the NYLL for Defendants' violations of section 191, a substantive provision of Article 6 of the NYLL.

We likewise reject Defendants' arguments regarding the calculation of Plaintiffs' overtime compensation. Under the FLSA and the NYLL, employers must pay a wage premium of one-and-one-half times the regular rate for hours worked in excess of forty per week. 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2. Defendants urge that to find the regular rate of pay, the district court should have divided the weekly wage by 48, the number of hours it found that Plaintiffs worked. While "the applicable damages measurement" is a legal question reviewed *de novo*, "the amount of recoverable damages is a question of fact" reviewed for clear error. *Bessemer Tr. Co. v. Branin*, 618 F.3d 76, 85 (2d Cir. 2010) (internal quotation marks omitted). Here, the district court found, among other things, that Defendants failed to "offer any credible evidence" of an agreement or understanding that Plaintiffs' wages were intended to compensate more than forty hours a week. Special App'x at 16. Upon review of the record and giving due regard to the court's credibility determinations, we find no clear error in this

6

determination. Further, because Plaintiffs were not compensated for their overtime hours, the court properly concluded that Plaintiffs were entitled to one-and-one-half times their regular rate of pay, "calculated by dividing the employee's total weekly earnings . . . by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." 12 N.Y.C.R.R. § 146-3.5(b). Accordingly, Defendants' proposed method of calculation is inapplicable.

Plaintiffs, for their part, claim that the district court erred in calculating the damages owed to Shao for Defendants' violations of NYLL § 195's wage notice requirement. Specifically, Plaintiffs argue that the district court should not have capped statutory damages at $2,500 – the maximum provided by the NYLL in 2011 when Shao began working for Defendants – since Shao continued to work until after February 27, 2015, when the NYLL was amended to increase the maximum statutory damages for wage notice violations to $5,000. Upon due consideration of the parties' arguments, we see no reason to apply the amendment retroactively and therefore affirm the award.

## III. Rule 60(b)(3) motion

Finally, Defendants argue that the district court should have denied Plaintiffs damages pursuant to Federal Rule of Civil Procedure 60(b)(3) because

7

Plaintiffs engaged in "fraud[,] . . . misrepresentation, or misconduct," when they perjured themselves at trial. In support of this claim, Defendants note that the district court found Plaintiffs to be not credible when they testified to working on Jewish holidays and argue that such testimony amounted to perjury.

"The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court, and appellate review is confined to determining whether the district court abused that discretion." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). To succeed on a Rule 60(b)(3) motion, Defendants "must show that the conduct complained of prevented [them] from fully and fairly presenting [their] case." *State Street Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks omitted). Here, the fact that Defendants introduced evidence contradicting Plaintiffs' testimony reflects that they were in no way prevented from presenting their case at trial. To the contrary, "the credibility and conflicting accounts of the witnesses were subject to full examination by the parties and were carefully considered by the court" below, which in fact discredited Plaintiffs' testimony about working on Jewish holidays. *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 n.2 (2d Cir. 1972). Therefore, the district court did not abuse its discretion in denying Defendants Rule 60(b)

8

motion. To the extent that Defendants seek to "set aside [the] judgment for fraud upon the [c]ourt" pursuant to Rule 60(d), that argument likewise fails, for the simple reason that the court was not defrauded. Defendants' Br. at 20. Although Defendants persist in arguing that the district court's factual findings regarding whether Plaintiffs worked on Jewish holidays must have amounted to a finding of perjury, the district court made no such determination. Nor have Defendants identified any authority for the proposition that a court must set aside a judgment in any case in which it endorses less than one hundred percent of the plaintiff's testimony. Accordingly, the district court did not abuse its discretion in denying Defendants' motion to set aside the judgment.

*   *   *

We have considered the parties' remaining arguments on appeal and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9