22-2779-cv
*Felton v. Loc. Union 804, Int'l Bhd. of Teamsters*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty-four.

PRESENT:
> AMALYA L. KEARSE,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

---

JEFFERY FELTON,

> *Plaintiff-Appellant,*

v.                                                                    22-2779-cv

LOCAL UNION 804, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, (IBT),
UNITED PARCEL SERVICE INC., (UPS),

> *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:          YENISEY RODRIGUEZ-MCCLOSKEY, Rodriguez-McCloskey PLLC, Brooklyn, New York.

FOR DEFENDANTS-APPELLEES:          NATHANIEL K. CHARNY (H. Joseph Cronen, *on the brief*), Charny & Wheeler P.C., Rhinebeck, New York, *for* Local Union 804, International Brotherhood of Teamsters.

SHAWN MATTHEW CLARK, Littler Mendelson, P.C., New York, New York, *for* United Parcel Service Inc.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on September 27, 2022, is **AFFIRMED.**

Plaintiff-Appellant Jeffery Felton appeals the district court's dismissal with prejudice of his claims against Defendants-Appellees Local Union 804, International Brotherhood of Teamsters (the "Union") and United Parcel Service Inc. ("UPS," and together with the Union, "Defendants").[1] This appeal arises from the second of two lawsuits in which Felton alleged that the Union breached its duty to represent him fairly at a grievance hearing following what he alleges was an unlawful termination of his employment at UPS. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

In January 2016, Felton was terminated from his job at UPS and filed with the Union a grievance for unjust discharge. Felton's grievance proceeded to arbitration before an arbitrator and a panel consisting of three representatives from UPS and three from the Union, and his termination was ultimately upheld. In April 2017, Felton, proceeding pro se, brought an action against the Union and UPS, claiming that the Union breached its duty to fairly represent him at the arbitration. After granting Felton multiple opportunities to amend, the district court dismissed with prejudice his ninth amended complaint for failure to state a claim pursuant to Federal Rule of

---

[1] Felton proceeded pro se in the district court, but he is now represented by counsel.

2

Civil Procedure 12(b)(6). *Felton v. Loc. Union 804, Int'l Bhd. of Teamsters*, Nos. 17-CV-2309 (AMD) (RML) *et seq.*, 2020 WL 3104048, at *1 (E.D.N.Y. June 11, 2020) ("*Felton I*").

In March 2021, Felton commenced the instant action. In the operative third amended complaint, Felton alleged, as he had in the prior action, that the Union breached its duty to represent him fairly at the arbitration. Felton also alleged that newly discovered evidence in an unrelated case—namely, the deposition of Matthew Hoffman, one of the UPS representatives on his arbitration panel (the "Hoffman Deposition")—warranted relief from the final judgment in the prior action. Because "[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to [Federal Rules of Civil Procedure] 59(e) or 60(b)," *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008), the district court construed Felton's pro se complaint as including a motion under Rule 60(b)(2).[2] *Felton v. Loc. Union 804, Int'l Bhd. of Teamsters*, No. 21-CV-1628 (AMD) (RML), 2022 WL 4468290, at *2 (E.D.N.Y. Sept. 26, 2022) ("*Felton II*"). After concluding that Felton had not satisfied the standard for relief under Rule 60(b)(2), the district court granted Defendants' motion to dismiss the complaint on the ground of res judicata. Felton challenges both rulings on appeal.

## I.      Rule 60(b) Motion

We review denials of relief under Rule 60(b) for an abuse of discretion. *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). "A district court is said to abuse its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible

---

[2]  Rule 60(b)(2) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding [due to] . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

decisions." *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) (per curiam) (alteration adopted) (internal quotation marks and citation omitted).

As we have emphasized, Rule 60(b) is "a mechanism for 'extraordinary judicial relief'" and may be "invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo*, 514 F.3d at 191 (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)). Rule 60(b)(2) poses a particularly "onerous standard," *Int'l Bhd. of Teamsters*, 247 F.3d at 392, requiring a movant to show that: "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant [was] justifiably ignorant of them despite due diligence, (3) the evidence [is] admissible and of such importance that it probably would have changed the outcome, and (4) the evidence [is] not . . . merely cumulative or impeaching," *Mirlis v. Greer*, 952 F.3d 36, 50 (2d Cir. 2020) (internal quotation marks and citations omitted).

The district court had dismissed Felton's prior action after finding that the allegations in his ninth amended complaint did not "demonstrate that the Union acted irrationally or in bad faith in representing [him]." *Felton I*, 2020 WL 3104048, at \*2. In the third amended complaint in the instant action, Felton contends that his discovery of the Hoffman Deposition warrants relief from the prior judgment because Hoffman's testimony indicates that the Union representatives on the arbitration panel agreed with the UPS representatives and voted to uphold Felton's termination. Felton had previously been told that the arbitrator denied his grievance because the Union and UPS panel representatives were deadlocked. Accordingly, in Felton's view, the Hoffman Deposition would have changed the outcome of the prior action because it revealed "that UPS and the Union were both against [him,] highlight[ing] that [he] was not represented and was duped into believing that the Union was on his side and advocating for him." Appellant's Reply Br. at 7–8.

4

The district court concluded that the alleged new evidence would not have affected its decision to dismiss Felton's prior action, and we discern no error in that analysis. The fact that the Union representatives on the arbitration panel may have voted to dismiss Felton's grievance does nothing to bolster his claim that the Union breached its duty of fair representation because Felton has failed to provide any allegations to plausibly support a claim that the votes—or the Union's actions at the arbitration overall—were arbitrary or in bad faith. *Cf. Vaca v. Sipes*, 386 U.S. 171, 194–95 (1967) (concluding that a union's decision to dismiss a meritorious grievance does not constitute a breach of the duty of fair representation in the absence of evidence that the union's decision was arbitrary or made in bad faith). And even if we assume that the Union inaccurately described the precise distribution of the votes cast at the arbitration, that also does not show that the Union's actions were arbitrary or in bad faith. *See Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998) ("Plaintiffs must . . . demonstrate a causal connection between the union's wrongful conduct and their injuries."). Thus, because the Hoffman Deposition would not have changed the outcome in Felton's prior case, we affirm the district court's denial of relief under Rule 60(b).[3] *See Int'l Bhd. of Teamsters*, 247 F.3d at 392.

---

[3] The district court held in the alternative that Rule 60(b) relief was not warranted because the Hoffman Deposition was "clearly available while [Felton's] prior lawsuit was pending." *Felton II*, 2022 WL 4468290, at *2. On appeal, Felton challenges this conclusion, arguing that the "opportunity to depose Hoffman in the 2017 Action does not mean that he could have discovered this exact evidence," and that "[t]he simple fact is that this evidence did not at all exist at the time that the 2017 Action was commenced." Appellant's Br. at 31; *see also* UPS Br. at 7 (acknowledging that "it may be true that the District Court erred in stating that this [evidence] was available while [Felton's] lawsuit was pending"). However, we need not address this argument on appeal because we affirm the district court's denial of relief on an alternative basis—namely, that the evidence would not have affected the outcome of the case. *See Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 413 (2d Cir. 2014) ("[We] may affirm on any basis for which there is sufficient support in the record." (internal quotation marks and citation omitted)).

## II.    Motion to Dismiss

We review de novo a district court's dismissal of a complaint on the ground of res judicata. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). "A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *Id.*; *see also Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992) ("[W]hen all relevant facts are shown by the court's own records, of which the court takes notice, the defense [of res judicata] may be upheld on a Rule 12(b)(6) motion without requiring an answer."). "Under the doctrine of res judicata, or claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (alteration adopted) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)).

Here, after declining to vacate the prior judgment, the district court dismissed Felton's complaint on the ground of res judicata, finding that it "ma[de] the same claims against the same defendants and relie[d] on exactly the same facts about his termination and grievance hearing." *Felton II*, 2022 WL 4468290, at *3. Felton challenges the district court's dismissal on appeal, arguing that the doctrine of res judicata does not apply in the Rule 60(b) context and that, because the district court decided to construe his complaint as a Rule 60(b) motion, it could not rule on defendants' motion to dismiss in the same order. We are not persuaded.

As a threshold matter, the district court properly considered Defendants' motion to dismiss under Rule 12(b)(6) after determining that Felton was not entitled to relief under Rule 60(b). The district court did not, as Felton contends, erroneously apply two contradicting legal standards. Instead, it construed his complaint as containing a Rule 60(b) motion to vacate the prior judgment so that, if that motion were successful, he could then *avoid* dismissal of his complaint under the

6

doctrine of res judicata.  *See, e.g.*, *Campaniello Imps., Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 661 (2d Cir. 1997) ("Res judicata does not preclude a litigant from making a direct attack upon the judgment before the court which rendered it." (alteration adopted) (internal quotation marks and citation omitted)); *Bettis v. Kelly*, 137 F. App'x 381, 382 (2d Cir. 2005) (summary order) (affirming dismissal of complaint under the doctrine of res judicata, notwithstanding allegations that appellees had withheld information during the prior litigation because "any allegations of misconduct in the prior litigation should have been raised in an appropriate challenge to that judgment").  By doing so, the district court adhered to the well-settled rule that pro se submissions be "liberally construe[d] . . . to raise the strongest arguments they suggest."  *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (per curiam) (internal quotation marks and citation omitted).  In short, despite Felton's arguments to the contrary, the district court's decision to construe Felton's pro se complaint as including a Rule 60(b) motion did not deprive it of its ability to address the motion to dismiss in the same decision once it ruled on the Rule 60(b) motion. *See, e.g.*, *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 701–03 (2d Cir. 1972) (per curiam) (affirming district court's order denying plaintiff's Rule 60(b) motion and granting defendant's motion to dismiss for failure to state a claim).  The district court's opinion carefully analyzed the two motions before it in separate sections, applying the relevant legal standards to each.  Thus, the district court committed no procedural error in its disposition of the motions.

To the extent that Felton argues that the district court's analysis under Rule 12(b)(6) was inconsistent with its Rule 60(b) determination, we disagree.  Once it determined that there was no basis to vacate the prior judgment under Rule 60(b), the district court properly concluded that Felton's complaint was barred by res judicata.  "Res judicata bars re-litigation if (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or

7

those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Soules v. Connecticut*, 882 F.3d 52, 55 (2d Cir. 2018) (underlining, internal quotation marks, and citation omitted). The district court's dismissal of Felton's complaint in the prior action for failure to state a claim under Rule 12(b)(6) was a judgment on the merits, *see Federated Dep't Stores, Inc.*, 452 U.S. at 399 n.3, and as the district court correctly noted, in the instant lawsuit "[Felton] makes the same claims against the same defendants and relies on exactly the same facts about his termination and grievance hearing," which were the subject of the dismissal in the prior action, 2022 WL 4468290, at *3. Accordingly, Felton may not assert the same claims in the instant action. *See Soules*, 882 F.3d at 55.

Felton contends that res judicata is inapplicable here because of newly discovered evidence. To be sure, despite the "general rule [that] newly discovered evidence does not preclude the application of *res judicata*," we have recognized that "[e]xceptions to this rule exist when the evidence was either fraudulently concealed or when it could not have been discovered with due diligence." *Saud v. Bank of N.Y.*, 929 F.2d 916, 920 (2d Cir. 1991). Here, however, as discussed above with respect to the Rule 60(b) motion, the district court correctly determined that the Hoffman Deposition would not have provided a basis for asserting a plausible claim for breach of the duty of fair representation, and thus would not have changed the outcome. *See, e.g.*, *TAL Props. of Pomona, LLC v. Village of Pomona*, No. 22-1826, 2023 WL 2924571, at *3 (2d Cir. Apr. 13, 2023) (summary order) (affirming dismissal of complaint on the ground of res judicata, notwithstanding appellants' argument that "newly discovered evidence" supported an exception, because the purported new evidence would "have not changed the outcome" (citing *Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 113 (2d Cir. 2000))); *see also TechnoMarine*, 758 F.3d at 501 (observing that even when new facts post-date commencement of the earlier action, such facts

8

must be "legally significant" to avoid res judicata). Accordingly, the district court properly recognized the res judicata effect of the prior judgment and dismissed Felton's complaint.

*        *        *

We have considered Felton's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court